**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| RAYMOND J. COOK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13CV1137 TIA |
| | ) |
| JAY CASSADY, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition has not been drafted in a manner that complies with the Federal Rules. As a result, the Court will direct petitioner to submit an amended petition that complies with the Rules.

The Federal Rules require clarity in pleadings, including pleadings from pro se parties. Rule 2(c) of the Rules Governing § 2254 Cases requires that a habeas petition "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; [and] (4) be printed, typewritten, or legibly handwritten . . ." Rule 2(d) requires that the petition be drafted on the standard form or to substantially follow the form.

Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings in the federal courts to contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . ." Rule 8 is applicable to habeas actions pursuant to Rule 12 of the Rules Governing § 2254 Cases.

The petition does not comply with these Rules. The grounds in the petition are not presented in a manner that substantially follows the standard form. Where petitioner has used the form, he has filled it out incorrectly. For example, petitioner did not file a Rule 29.15 motion for postconviction relief in the state courts, but petitioner filled out the section of the form pertaining to postconviction relief motions with information about the trial court. The allegations in the petition are not "short and plain"; the petition is unnecessarily wordy and rambles incoherently about matters irrelevant to the grounds for relief. For these reasons, the Court will require petitioner to submit an amended petition for writ of habeas corpus.

The Court notes that it does not appear that petitioner has exhausted any of his grounds for relief. Petitioner filed a direct appeal from his sentence alleging two evidentiary errors. Petitioner did not file a Rule 29.15 motion for postconviction relief. The instant petition contains sixteen grounds for relief, none of which appear to have been brought in either his direct appeal or in postconviction proceedings. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). Petitioner has not

stated any reason why he has brought these claims in federal court before exhausting them in state court. In his amended petition, petitioner should make it clear which claims were properly brought in the state courts. The Court notes for petitioner's benefit that claims brought at trial are not exhausted unless they were also brought on direct appeal or in a Rule 29.15 motion.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to petitioner a form Petition for Writ of Habeas Corpus Under § 2254.

**IT IS FURTHER ORDERED** that petitioner shall utilize the form and submit an amended petition for writ of habeas corpus that complies with this Order no later than **July 19, 2013**.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be subject to summary dismissal.

Dated this ___11th___ day of July, 2013.

                                                                /s/ Terry I. Adelman
                                                UNITED STATES MAGISTRATE JUDGE